# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7417 | **DATE** | 10-17-2012 |
| **CASE TITLE** | Marlon Barksdale (M-31768) vs. Dart | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is denied without prejudice to Plaintiff filing a renewed motion in compliance with this order. The complaint [1] is dismissed without prejudice. Plaintiff has until 11/14/2012 to: (1) either file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C.§ 1915(a)(2), or pre-pay the full $350 filing fee; (2) submit an amended complaint; and (3) show cause in writing why this case should not be dismissed without prejudice for failure to exhaust his administrative remedies. The Clerk shall send Plaintiff an *in forma pauperis* application, an amended civil rights complaint form with instructions, and a copy of this order. Plaintiff's failure to fully comply with this order will result in dismissal of this case.

■[For further details see text below.]      Docketing to mail notices.

# STATEMENT

    Plaintiff Marlon Barksdale, a prisoner at Stateville Correctional Center, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

    Plaintiff submitted a portion of an *in forma pauperis* application (Doc. 3), but it is incomplete. Local Rule 3.3 requires that persons lodging new lawsuits must either pre-pay the $350 statutory filing fee or file a petition for leave to proceed *in forma pauperis,* using the court's form and signing under penalty of perjury. The form requires inmates to obtain a certificate stating the amount of money they have on deposit in their trust fund account. The Prison Litigation Reform Act ("PLRA") also requires inmates to provide a certified copy of their trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the lodging of the complaint. 28 U.S.C. § 1915(b)(1). Plaintiff's *in forma pauperis* application does not include the first three pages of the form *in forma pauperis* application, which addresses any income, gifts, and assets he receives/has. If Plaintiff wants to proceed with this case, he must file a new motion for leave to proceed *in forma pauperis* on the court's form and have an authorized official provide information regarding his trust fund account(s), including a copy of his trust fund account(s). Plaintiff must also write the case number in the space provided for it. Plaintiff has until November 14, 2012 to either: (1) file a complete in forma pauperis application, or (2) pre-pay the $350 filing fee. Failure to do so will result in the dismissal of this case. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).

    Furthermore, under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. The complaint alleges that on July 15, 2012, while Plaintiff was detained at Cook County Jail, the showers broke and flooded the area. It took approximately a month before jail staff cleaned the area. During that month, Plaintiff was forced to wash in his sink to the best of his ability. Because Plaintiff was required to wash in his cell, which was cold, an illness became worse and required medical attention. Plaintiff's requests for medical care went unanswered. Plaintiff names Cook County Sheriff Tom Dart as the sole Defendant.

    The complaint does not state a viable claim against Sheriff Dart in his individual capacity. Liability under 42 U.S.C. § 1983 requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). A

supervisory official cannot be held liable for the conduct of his subordinates based on a theory of respondeat superior, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). The complaint does not allege that Dart was personally involved in the alleged unconstitutional conduct.

Nor does the complaint plead a viable official capacity claim against Dart. Claims filed against government officers in their official capacity are actually claims against the government entity for which the officers work. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). A governmental entity is liable for damages under 42 U.S.C. § 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978) Unconstitutional policies or customs generally take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir. 2000). The complaint does not allege that his adverse living conditions and lack of medical care were a result of an official policy, custom, or practice.

To proceed with this case, Plaintiff must submit an amended complaint by November 14, 2012, that names the individual(s) who were personally involved in the alleged unconstitutional conduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Plaintiff must plead that each government official defendant, through the official's own individual actions, has violated the Constitution."). If Plaintiff wants to proceed with an individual capacity claim against Dart, the amended complaint must allege how Dart was personally involved in the alleged constitutional deprivation. If Plaintiff wants to proceed with an official capacity claim against Dart, he must allege an official policy, custom, or practice. Plaintiff is cautioned that an amended complaint supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

Lastly, Plaintiff includes copies of two grievances that he submitted regarding the broken shower and lack of medical care. The grievances were submitted on July 29, 2012 and August 16, 2012. Plaintiff signed his complaint on August 24, 2012. Neither grievance indicates that Plaintiff received a response nor that an appeal was filed as to any response. Exhaustion of administrative remedies is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes. *See Porter v. Nussle*, 534 U.S. 516 (2002). A prisoner/detainee must take all the steps required by the prison's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a prisoner's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37 (emphasis added). While failure to exhaust is normally an affirmative defense, if the plaintiff's failure to exhaust appears on the face of the complaint, the complaint should be dismissed without prejudice. *Massey v. Wheeler*, 221 F.3d 1030, 1033 (7th Cir. 2000). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to prison conditions if the court determines that plaintiff has failed to exhaust his administrative remedies. *See Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

The exhibits attached to the complaint appear to show that Plaintiff had not fully exhausted his administrative remedies prior to filing suit. Accordingly, if Plaintiff submits a new *in forma pauperis* application and an amended complaint by November 14, 2012, he must also show cause in writing why this case should not be dismissed without prejudice for failure to exhaust his administrative remedies prior to filing suit.

To summarize, Plaintiff has until November 14, 2012 to: (1) either file an *in forma pauperis* application on the required form with the information required by 28 U.S.C. § 1915(a)(2), or pre-pay the full $350 filing fee; (2) submit an amended complaint; and (3) show cause in writing why this case should not be dismissed without prejudice for failure to exhaust his administrative remedies.